# EXHIBIT D



OFFICE OF THE ATTORNEY GENERAL
STATE OF INDIANA

302 W. WASHINGTON ST. 5TH FLOOR
INDIANAPOLIS, IN 46204-2770

## TODD ROKITA
ATTORNEY GENERAL

August 6, 2025

Rev. Robert A. Dowd
Office of the President
University of Notre Dame
400 Main Building
Notre Dame, Indiana 46556

Reverend Dowd,

Thank you for your response to my letter of May 9, 2025, concerning the University of Notre Dame's ("Notre Dame") compliance with state and federal civil rights laws and Indiana's nonprofit statute. I appreciate the contributions that Notre Dame makes to our state and country and respect the University's religious mission. However, neither Notre Dame's religious mission nor the benefits it may provide to the state would excuse the University from complying with civil rights and nonprofit laws. Indeed, it is because, as a nonprofit and an educational institution, Notre Dame is supposed to provide a public benefit to the state that the University's compliance with civil rights laws is critically important.

I am therefore concerned by your failure to address or respond to the specific questions posed in my May 9 Letter. It is not an adequate response to my inquiry to offer an assurance that Notre Dame complies with civil rights laws but not to produce any of the materials requested by my letter that would allow for an independent assessment by my office of the University's compliance. The University's unsubstantiated claim that it follows the law does not make it so, and the concerns I raised in my May 9 Letter remain.

The failure to provide any meaningful response to the inquiry is all the more troubling because, in your letter, you do not even purport to address the specific examples of potentially unlawful actions my office has identified, such as racially segregated graduation ceremonies at Notre Dame and efforts to recruit faculty of a certain race. Your response also alluded to actions in which the University may have engaged—such as "ensur[ing] in the wake of *Harvard* that race is not considered during [Notre Dame's] admissions processes"—that are directly related to questions posed in my letter, yet failed to respond to the questions on which you indicate you have relevant information.

Accordingly, I have directed my office to prepare a civil investigative demand ("CID"), enclosed with this letter, that formally requests the information and materials I sought in my May 9 Letter and other related items.  I ask that you provide a full response to the CID by August 27, 2025.

In your response to the CID, you may of course raise any questions or concerns you have regarding the nature or scope of the requests.  My office will consider your concerns thoughtfully and address them appropriately.  However, as noted, Notre Dame's religious mission does not grant the University a license to discriminate on the basis of race, and the critically important First Amendment right to free exercise of religion—of which I am, as you note, a staunch defender—does not bar my office from vindicating the state's "fundamental, overriding interest in eradicating racial discrimination in education."  *Bob Jones Univ. v. United States*, 461 U.S. 574, 604 (1983).

I appreciate your attention to this matter and look forward to your response.


Sincerely,


Todd Rokita

TER/bl